# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Tennessee

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. 3:23-MJ- 2044 |
| DEREK L. BLALOCK | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 11, 2023 to February 7, 2023__ in the county of __Knox__ in the __Eastern__ District of __Tennessee__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §922(o); 18 U.S.C. §924(c) ; 18 U.S.C. §933; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 841(b)(1)(C) | Possession of a machinegun; Possession of a firearm in furtherance of a drug trafficking crime; Firearms trafficking; Possession with the intent to distribute over 50 grams of methamphetamine; and possession with in intent to distribute a mixture and substance containing a detectable amount of cocaine. |

This criminal complaint is based on these facts:

Please see the affidavit of ATF SA Kristin Pyle which is attached hereto and fully incorporated herein.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Kristin Pyle, ATF Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __2/8/23__

_____
*Judge's signature*

City and state: __Knoxville, Tennessee__

Magistrate Judge Jill E. McCook
*Printed name and title*

**AFFIDAVIT**

Comes now your Affiant, Special Agent (SA) Kristin J. Pyle of the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), first being duly sworn, now deposes and says:

## AGENT BACKGROUND

I am an ATF special agent and have been so employed for approximately fourteen years. Prior to my employment with ATF, I worked in corporate security, retail security, and the residential security business for approximately eight years. I am presently assigned to the ATF Knoxville, Tennessee, Field Office and work with the 7th Drug and Violent Crime Task Force which is a High Intensity Drug Trafficking Area (HIDTA) group in Anderson County, Tennessee. My primary duties include that of enforcing the Federal firearm laws under Title 18 and Title 26 of the United States Code. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy, and as a result of my training and experience as an ATF special agent, I am familiar with federal criminal laws, federal firearms laws and federal drug laws. I have also received additional specialized training through ATF in determining the interstate nexus of firearms and ammunition and have testified as an expert in federal court in regards to those findings.

The statements in this Affidavit are either known to me personally or have been told to me directly by other law enforcement officers.

The court has jurisdiction because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offenses being investigated.

1

**PROBABLE CAUSE**

This Affidavit does not include each and every fact known to your Affiant concerning this investigation. Your Affiant has set forth only the facts that are necessary to establish probable cause for the offenses described below.

On or about January 10, 2022, investigators with the 7th Judicial Drug Task Force (DTF) contacted your affiant regarding information they had received concerning someone, later identified as Derek Logan BLALOCK, who they believed to be selling Glock machinegun conversion devices (MCDs) in the Eastern District of Tennessee. A Glock MCD is commonly referred to as a "Glock Switch" or "Glock Auto Sear." A machinegun is a firearm under the National Firearms Act (NFA), 26 U.S.C. § 5845(a). A machinegun is defined, in pertinent part, as "any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun." A Glock MCD is a part, or combination of parts, designed and intended for use in converting a semiautomatic Glock pistol into a machinegun; therefore, it is a "machinegun."

On or about January 11, 2023, ATF agents and investigators from the DTF, utilizing a confidential informant (CI), conducted a controlled purchase of a Glock firearm that was equipped with a Glock conversion device and was loaded with 16 rounds of ammunition from BLALOCK. The CI has no pending charges and is working for financial compensation. The CI has been an CI for the ATF for approximately 1 month, and prior to working as a CI for the ATF, was a CI for the 7th DTF. The CI has proven to be reliable and credible. The CI's information has been corroborated throughout this investigation by your affiant and other law enforcement officers.

2

During the purchase, BLALOCK also provided the CI a homemade metal AR-type MCD. A homemade firearm or homemade MCD is considered a privately manufactured firearm (PMF). In addition, an AR-type MCD is a machinegun since it is a part, or combination of parts, designed and intended for use in converting a semiautomatic weapon into a machinegun. The purchase took place at BLALOCK's residence located at 2938 Sunset Avenue, Knoxville, TN which is located in the Eastern District of Tennessee. During the purchase, BLALOCK stated that the MCDs were ordered off the "Black Market" and came from China. BLALOCK stated that the MCDs would come in jewelry boxes with a necklace. BLALOCK also stated that he frequently sells firearms and that he needed to stop buying them in his name in case ATF ever came to question him. BLALOCK also told the CI that he had another order of Glock MCDs coming in and if the CI knew of anyone that would want to purchase them to let them know he was selling them. During the purchase there were also two other males present. The CI also stated that other Glock firearms, an AR style firearm and other MCDs were seen in the residence.

On or about January 20, 2023, ATF agents, utilizing an ATF undercover agent (UC) and the CI, conducted a controlled purchase of Glock MCDs from BLALOCK at his residence. During this purchase, BLALOCK sold three (3) Glock MCDs which he retrieved from his vehicle, a black Dodge Charger. During the interaction, another individual whose identity is known to law enforcement, came out of BLALOCK's residence and joined in with BLALOCK explaining the MCDs. BLALOCK talked about ordering the MCDs online and that he could get silencers as well. BLALOCK also stated that he has a program on this computer that goes with a box that pings his location in other countries to mask where he is. BLALOCK referenced using Bitcoin, a form of digital

3

currency to order the MCDs online. While talking about the difference in the AR style and Glock style MCDs, BLALOCK stated that the other individual had video of them shooting them on his phone which the other individual affirmed. BLALOCK stated that he used to go in with someone to order the MCDs, but he now orders them on his own. BLALOCK also stated that he would make an order and cover the initial cost himself if the UC and CI knew how many they wanted to order. BLALOCK also mentioned having 3D printed Glock MCDs. BLALOCK offered to give them to the CI and UC because they did not work as well. BLALOCK retrieved a black plastic bag from inside the residence, which was later confirmed to contain thirteen (13) 3D printed PMF Glock MCDs with additional parts. BLALOCK gave the bag of 3D printed MCDs to the UC and CI.

On February 1, 2023, ATF attempted to conduct a controlled purchase of a Glock pistol with an installed MCD and an AR style pistol with an installed MCD from BLALOCK. However, BLALOCK decided he wanted to keep those firearms and instead advised that he had a shipment of MCDs coming in and would sell those instead. BLALOCK stated that the shipment of MCDs should be in by February 6, 2023. BLALOCK agreed to give the CI until the afternoon of February 7, 2023, to get money together if he was going to make a purchase.

On February 4, 2023, the other individual known to law enforcement contacted the CI and stated that BLALOCK and his girlfriend, Taylor HOLLADAY, had been arrested the night before and that they had a MCD on them. The other individual advised that the shipment should be arriving February 5, 2023 and they were still good for the purchase to happen on February 7, 2023. On February 4, 2023, BLALOCK made a jail phone call to 865-776-3482 where he talked to what sounded like an older male. At the end of the phone

4

call BLALOCK asks the male to tell his (BLALOCK's) mom to "get that package" so it "doesn't get gone" because "it's worth $9,500." On February 1, 2023, BLALOCK had said that the package of MCDs he had ordered cost $10,000. On February 5, 2023, BLALOCK contacted the CI and stated that the shipment had arrived. BLALOCK stated that he has AR and pistol style MCDs as well as "hidden switches".

All contact with BLALOCK regarding the controlled purchases was either via cell number 865-441-8010 or in person. BLALOCK has several online profiles one of which is a Facebook account under the number "Logan Blalock." In one of BLALOCK's posts in September 2022, he asked how to obtain an FFL (Federal Firearms License). In October of 2022, BLALOCK has a post where he states you can use Cash App statements as a form of income. In January 2023, he had a post where he was asking where to find a gun range that allowed rapid fire. BLALOCK has other posts relating to firearms as well.

Database searches of the National Firearm Registration and Transfer Record have been performed, and there were no registration records located for BLALOCK.

BLALOCK has shown that he possesses firearms with MCDs that he has admitted to knowing such firearms illegal to possess. When BLALOCK was arrested, the other individual known to law enforcement was the one that verified that the package of MCDs was still coming, and the future purchase was still going to happen. BLALOCK advised the package of MCDs was coming from outside the continental United States and therefore would have travelled in or affected interstate commerce. The MCDs already recovered from BLALOCK have no markings as required and are not registered in the National Firearms Registration and Transfer Record. Possessing or transferring NFA firearms that have

5

no markings, that are not registered, and manufactured without a license is a Federal felony crime.

On or about February 7, 2023, ATF agents, utilizing an ATF UC, conducted a controlled purchase of a Glock firearm with an already installed MCD as well as 6 AR-type MCDs from BLALOCK at his residence. Upon arrival at the residence the ATF UC met with BLALOCK and Joshua O'MARY. The ATF UC completed the purchase with BLALOCK. The purchase of the GLOCK firearm with the already installed MCD included a loaded extended magazine. As soon as the purchase was completed, ATF agents executed a Federal Search Warrant on BLALOCK's residence. BLALOCK, OMARY and Taylor HOLLADAY were all initially detained and later interviewed.

During the execution of the search warrant, ATF recovered an additional 12 Glock MCDs from inside BLALOCK's residence. ATF also recovered the following from inside the residence: a drawing or pattern of an AR-style MCD; a metal item that appeared to be an attempt to manufacture a PMF AR-style MCD from that pattern; an Anderson Manufacturing, AR-style pistol; ammunition; approximately 426 grams (bag weight) of suspected marijuana; 277 grams (bag weight) of pressed suspected methamphetamine pills; 50.5 grams (bag weight) suspected cocaine; 2.2 grams (bag weight) suspected heroin; digital scales, plastic baggies, and other paraphernalia. The suspected cocaine was packaged in individually packaged user quantities and packaged altogether in two larger plastic bags. In the yard of the of the property ATF located spent shell casings. The bags of suspected methamphetamine and cocaine were field tested and returned positive results for both.

6

BLALOCK was read his Miranda Rights which he agreed to waive and be interviewed. During the interview BLALOCK admitted to ordering the MCDs online and then selling them. BLALOCK stated that he had the recent package of MCDs he ordered delivered to his mother's house under a fake name. BLALOCK was asked how he learned to order the packages of MCDs. BLALOCK stated that he initially found a video on YouTube about Glock MCDs and the comment section that had the contact information that led him to contact the source through the Telegram application. BLALOCK stated that he paid for the MCDs using cryptocurrency.

BLALOCK stated that the narcotics that were located inside the residence were his. BLALOCK admitted to being a marijuana user but stated that he did not use any of the other narcotics himself. BLALOCK stated that he would sell the narcotics and admitted to being armed while dealing the narcotics. When asked how he obtains his firearms, BLALOCK stated that sometimes he buys them from Federal Firearms Licensees (FFLs) and sometimes he trades people for them. BLALOCK stated that he has also used the Arms List website to trade firearms with people.

Based upon the above information, your Affiant has probable cause to believe that BLALOCK committed the offense of the transfer or possession of a machinegun manufactured after May 19, 1986 in violation of 18 U.S.C. § 922(o); to ship, transport, transfer, cause to be transported, or otherwise dispose of any firearm to another person in or otherwise affecting interstate or foreign commerce, if such person knows or has reasonable cause to believe that the use, carrying, or possession of a firearm by the recipient would constitute a felony; receive from another person any firearm in or otherwise affecting interstate or foreign commerce, if the recipient knows or has reasonable cause to

7

believe that such receipt would constitute a felony; or attempt or conspire to commit the conduct described in violation of 18 U.S.C. § 933; possession with intent to distribute fifty (50) grams or more of actual methamphetamine and possession with intent to distribute a mixture and substance containing a detectable amount of cocaine in violation of Title 21, U.S.C. §§ 841(a)(1), 841(b)(1)(A) & (C); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

## **CONCLUSION**

Given the aforesaid facts, I have probable cause to believe that BLALOCK has committed the above described offenses.

The foregoing facts are true to the best of your Affiant's knowledge and belief.

Further your Affiant sayeth naught.

Kristin J. Pyle
ATF Special Agent

Subscribed and sworn to before me, this 8th day of February, 2022.

Honorable Jill E. McCook
Magistrate Judge
United States District Court

8